**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ALICIA CLUCK** | § | |
| | § | |
| **V.** | § | **NO. 1:16-CV-1216-RP** |
| | § | |
| **METROCARE SRVCS-AUSTIN, L.P., et al.** | § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel (Dkt. No. 34), the responses of all Defendants (Dkt. Nos. 42, 51, 52, and 53), as well as Plaintiff's reply (Dkt. No. 67). The District Judge referred the above motion to the undersigned for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules. The Court held a hearing on the motion on September 11, 2017.

Essentially, this case is a ten-year old slip-and-fall negligence action brought by Plaintiff Alicia Cluck against her former employer, MetroCare Services-Austin, LP (MetroCare). Yet, after years of stalling in state court, this case ended up in federal court over what is, in essence, a discovery dispute. Cluck argues that MetroCare has failed to produce one or more insurance policies that provide coverage to MetroCare for her claim against it. Not getting what she wanted from MetroCare, and having been denied relief on a motion to compel in state court, Cluck proceeded to sue GHS Property and Casualty Insurance Company (GHS), Fort Dearborn National Life Insurance Company (FDL), National Casualty Company (National Casualty), and Acadian Ambulance Services of Texas (Acadian) to attempt to find these policies she believes may exist, and that she claims are somehow relevant to her claim against MetroCare. After the case was removed to federal court, at the instruction of Judge Robert Pitman, Cluck filed the instant Motion to Compel seeking the policy or policies she believes exist.

Setting aside the merits—or lack thereof—of the claims against each of these parties, the evidence is undisputed that each Defendant has adequately searched for and produced any insurance policy that might have a bearing on the claims Cluck is making against MetroCare. GHS and Dearborn have stated that, despite a diligent search, they have been unable to locate a copy or the original of the Combined Benefit Group Accident policy written by FDL, insuring MetroCare at the time of Cluck's injury.[1] They have, however, located a copy of the standard form for that time period, and have stated that they would stipulate that the relevant policy was written on those exact terms. Similarly, they have not been able to locate the original or a copy of the Employer Liability policy GHS issued to MetroCare for the time period including the date of Cluck's injury, but have produced the relevant form for that time period and made the same stipulation regarding that policy's terms.[2]

National Casualty has produced in full the only insurance policy it issued to MetroCare covering the time of the Plaintiff's accident, which was a Commercial Auto Coverage policy. As for Acadian, notwithstanding Plaintiff's claims, it has no part in this case. Rather, it acquired the assets of MetroCare on June 1, 2007, six months after the Plaintiff's injury, and several months after Plaintiff ceased working for MetroCare. Cluck's argument that because Acadian was listed as an "additional insured" under the National Casualty policy, it must have some potential liability to Cluck, and because it must have some potential liability to Cluck, it must produce to her all of its

---

[1]This policy provided health and disability coverage to MetroCare employees injured in the course and scope of their employment. Indeed, Cluck received $388.39 in benefits under this policy for the cost of emergency room services following her fall.

[2]This policy provided coverage to MetroCare for defense costs and indemnity against claims of negligence by MetroCare employees injured at work—the type of claim Cluck is making against MetroCare.

insurance policies during the time period of the fall, is totally baseless. The evidence is undisputed that Acadian purchased the assets of MetroCare months after the fall; that Acadian expressly disclaimed assuming any liabilities of MetroCare, and that its addition as a named additional insured under the National Casualty policy had an effective date of June 1, 2007. Dkt. No. 52 at 121. In short, Acadian never was a proper party to this lawsuit, and should never have been sued. It has properly responded to Cluck's demand for insurance policies that might offer coverage for her injuries, by stating that it has none. Finally, MetroCare has properly responded as well, indicating that it has done everything it can to locate any of these policies, and, having been out of business since 2008, it was unable to find anything more than what it already produced in state court many years ago. Moreover, given National Casualty's, GHS's and FDL's responses, MetroCare's inability to locate a copy of the policies is effectively irrelevant.

This case has gone from a simple negligence action to a convoluted dispute due mainly to Cluck's insistence that these parties produce insurance policies which, by all accounts, they either have already produced, or, to the extent they have not, appear not to exist. Because the Defendants have fully and adequately responded to Plaintiff's request for relevant insurance policies, Plaintiff's Motion to Compel (Dkt. No. 34) is **DENIED**.

SIGNED this 11th day of September, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE