# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ALICIA CLUCK | § | |
| | § | |
| v. | § | A-16-CV-1216-RP |
| | § | |
| METROCARE SVCS–AUSTIN, L.P., et al. | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court are MetroCare Services-Austin, LP's Motion to for Summary Judgment (Dkt. No. 80); Plaintiff's Unopposed Motion for Extension of Time to File Response/Reply (Dkt. No. 87); Plaintiff's Response (Dkt. No. 89); Defendant's Reply (Dkt. No. 90); Plaintiff's Opposed Motion for Leave to File Supplement (Dkt. No. 92); Plaintiff's Sur-Response (Dkt. No. 93); and Plaintiff's Notice of Fraud on the Court (Dkt. No. 94). The District Court referred the above motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Alicia Cluck originally brought this suit in Texas state court in 2008 against MetroCare Services-Austin, LP (MetroCare) alleging negligence. Cluck was working as a paramedic for MetroCare when, on December 24, 2006, Cluck slipped when exiting an ambulance. She fell down several steps and hit the ground. Cluck also alleges that she hit her neck on the stairs as she fell. She informed her supervisor at the time, but did not go to the hospital until later in the day, where she was treated for contusions, a mild head injury, and muscle strain. Shortly after this accident, Cluck left MetroCare to work for a radiology center, and later a pharmaceutical testing

company. However, in August 2007, Cluck allegedly collapsed in her home and complained of back, right arm, hip, and neck pain, which led to more hospital and doctor visits. In 2008, Cluck brought her suit against MetroCare alleging these problems stemmed from the 2006 slip and fall.

For unexplained reasons, the case sat in state court for years until, in the summer of 2016, the case was set for trial. However, shortly before the trial was scheduled, Cluck moved to amend her pleadings to add a number of insurance companies and claims to her lawsuit.[1] The basis for these claims was Cluck's allegation that MetroCare and its alleged conspirators concealed from Cluck one or more insurance policies that might have provided MetroCare coverage for Cluck's claims. The state court denied the motion to amend, so Cluck then filed a separate lawsuit asserting these claims. The second lawsuit was removed to federal court on the basis that Cluck's claims were preempted by ERISA. MetroCare then removed the first lawsuit to federal court on the same basis.[2] The lawsuits were consolidated, and Cluck filed an amended complaint resulting in the instant action.

After the suit was removed to federal court, Judge Pitman issued an order for an initial pre-trial conference. Dkt. No. 16. At this conference, it became clear that the first dispute that needed to be resolved related to Cluck's claim that one or more insurance policies had been, or were being, concealed by the defendants, and her demand that those policies be produced. Judge Pitman ordered Cluck to raise that issue in a motion, so Cluck filed a Motion to Compel, to which each of the parties

---

[1] The additional claims were negligent misrepresentation, breach of contract, civil conspiracy, respondeat superior, fraudulent concealment, and alter ego.

[2] The Court is skeptical that the first lawsuit should ever have been removed as the state court denied Cluck's amended petition, and therefore the first lawsuit would only have included the negligence claim. Regardless, the lawsuits were consolidated in federal court, and Cluck filed an amended complaint asserting all of the above causes of action in a single document.

responded. Dkt. Nos. 26 & 34. The undersigned denied the Motion to Compel on September 11, 2017. Dkt. No. 72. Shortly thereafter, Cluck stipulated to the dismissal of all the defendants except the MetroCare entities. MetroCare has now moved for summary judgment on Cluck's claims.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## III. ANALYSIS

MetroCare seeks summary judgment on each of Cluck's claims. First, it argues that there are no genuine issues of material fact on Cluck's claim for negligence. Second, it contends that Cluck's claims for negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment are preempted by ERISA and should be dismissed.

**A.     ERISA Preemption**

MetroCare argues that the Court should grant summary judgment on Cluck's claims for negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment as they are preempted by ERISA. An ERISA "employee welfare benefit plan[]" is

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.

28 U.S.C. § 1002(1). The statute provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Thus, state law causes of action are barred if:

4

> (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172, 176 (5th Cir. 1994) (quoting *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990)). "[P]reempted state law includes any state law cause of action as it relates to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218–19 (5th Cir. 1992).

First, it is unclear whether Cluck still intends to assert these claims against MetroCare. Each of these claims was added in the second lawsuit as part of Cluck's mission to uncover the allegedly concealed insurance policy. Cluck has now dropped all of her claims against MetroCare's alleged co-conspirators (*see* Dkt. Nos. 81, 83, 86, & 100) and admitted that GHS, Dearborn, and National Casualty have produced the only insurance policies that might apply. *See id.* Accepting these pleadings as true, it is unclear how MetroCare could possibly be held liable for claims that it withheld a policy that Cluck has admitted does not exist. Thus, the Court is confused as to what basis Cluck could possibly have to move forward on these claims, to the extent that they relate to an allegedly concealed policy.[3]

Nevertheless, assuming Cluck still asserts these claims, the Court finds that they are preempted by ERISA. Cluck offers three arguments against finding these claims preempted: (1) that

---

[3]In Cluck's response to the motion for summary judgment, which she filed after her dismissal of the other defendants, she contends that her claims are not preempted by ERISA. Yet, the only claims she mentions by name are her negligence and "respondeat superior" claims. Thus, from her pleadings it is impossible to ascertain whether she still intends to assert these claims, or whether she was in fact contending that her negligence claim was not preempted by ERISA—a claim MetroCare does not make.

5

there was no ERISA plan in effect at the time of her accident; (2) that she is not a "participant" to an ERISA plan; and (3) that these claims are not preempted.[4] First, Cluck contends that the only evidence MetroCare provided of an ERISA benefits plan was a copy of its 2008 plan (effective nearly two years after the accident). This Summary Plan Description shows the intended benefits, beneficiaries, financing, and procedures available to Cluck. MetroCare also provided a notification signed by Cluck that acknowledged that she had "received and read The Occupational Injury Benefit Plan Summary" when she began working for MetroCare in 2004. Dkt. No. 80-5 at 11; *see also* Dkt No. 80-2 at 15 (acknowledging at a deposition her signature on the document). Together, the signed notification and the Summary Plan Description are sufficient to show the existence of an ERISA plan at the time of the accident. *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990) ("[A]n ERISA plan is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.") (internal quotations omitted); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000) (finding a brochure describing an insurance policy's benefits and costs sufficient evidence of an ERISA plan). As noted, this case is now nearly ten years old, and the accident occurred nearly eleven years ago. Cluck's sole argument that the Summary Plan

---

[4] The Court uses the word "argument" here in the loosest possible sense. Much of Cluck's pleadings are incoherent, rambling, and conclusory, with the result being that it is difficult to assess exactly what arguments she is making at any given time. In fact, many of her pleadings consist solely of specious contentions about the validity of MetroCare's evidence. (Nor was this phenomena isolated to the motion for summary judgment, but rather has been a consistent problem throughout the lawsuit.) However, after combing through Cluck's four responses to the motion for summary judgment—and setting aside the meritless fraud contentions—these are the three rebuttals to MetroCare's preemption argument that the Court could identify with any particularity. Even so, Cluck's "third" argument is, at best, conclusory and, at worst, nonexistent. In the interests of completeness, however, the Court will still address this issue.

Description provided is from eighteen months after the accident does not create a genuine issue of material fact as to the existence of an ERISA plan; nor does Cluck provide any evidence to rebut this assertion.[5]

Moreover, it is clear that Cluck was a "participant" subject to the statute. ERISA applies to "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such an employer." 29 U.S.C. § 1002(7). Cluck was an employee at the time of the alleged accident, and does not allege otherwise. She was therefore clearly a "participant" under the plan. Cluck attempts to avoid the application of the statute by stating that she never submitted a claim under the plan. Dkt. No. 89 at 9. However, whether Cluck made a claim under the ERISA plan has nothing to do with whether she was a "participant" for purposes of standing. Rather, this argument goes to whether Cluck was denied benefits under the plan. Thus, the Court finds that there was an applicable ERISA plan to which Cluck was a participant.

Finally, the Court finds that the claims for negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment "relate to" the ERISA plan and are therefore preempted. "The words 'relate to' are to be given their 'broad common-sense meaning.'" *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217–18 (5th Cir. 1992) (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985). A state law claim is preempted "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). Cluck's claims rely on her assertions that MetroCare improperly informed Cluck that there was no

---

[5]Cluck objects to the bill provided by GHS and Dearborn which shows that she made a claim under the ERISA plan for this accident on the basis that the bill was made out to MetroCare Services-Abilene. However, MetroCare does not rely on this evidence.

7

additional policy under which she could recover for a workplace accident. The presence of this plan and its benefits are therefore at the heart of Cluck's claims. Such claims "relate to" an ERISA-covered plan, and are preempted. *See, e.g.*, *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992) (finding preempted a breach of contract claim); *Lee v. E.I. DuPont de Nemours & Co.*, 854 F.2d 755 (5th Cir. 1990) (holding that an employee's claims for fraud and negligent misrepresentation were preempted by ERISA).

Cluck has repeatedly denied that she is asserting any claims under ERISA. *See* Dkt. Nos. 89, 92, & 93. The Fifth Circuit has found that when a plaintiff has solely asserted state law claims that are preempted by ERISA and has not attempted to add any claims under ERISA, the claims are subject to dismissal. *See Quality Infusion Care, Inc. v. Humana Health Plan of Texas, Inc.*, 290 F. App'x 671, 683 (5th Cir. 2008) ("Though one might try to infer claims for benefits under ERISA, [the plaintiff's] repeated disavowal of such a claim ultimately dooms any such inference."). As such, Cluck's claims for negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment should be dismissed.[6]

**C.    Remand**

Because the Court has recommended dismissal of all claims which could have created federal jurisdiction, it must now address whether to retain jurisdiction over the remaining state law claim.

---

[6] In Cluck's Amended Complaint, she has separate sections for both "respondeat superior" and "alter ego." MetroCare thus included these as claims they ask be dismissed. First, it is not clear that Cluck intended to assert these as separate causes of action, as opposed to alternate theories of liability. Next, while the Court understands that MetroCare included these in the interests of completeness, these are not valid causes of action. Respondeat superior is not a separate cause of action, but rather a theory of liability under which an entity is liable for the negligent acts of its employees. Similarly, alter ego is a method of determining whether a company is liable, not a separate cause of action. Moreover, the alter ego pleading only applied to Acadian Ambulance, which has since been dismissed as a defendant.

When a case has been removed to federal court, the removal statute directs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1367(c), a court has discretion to either retain or remand claims originally brought under supplemental jurisdiction. A court may "decline supplemental jurisdiction over a state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute . . . ." *Brookshire Bros. Holding Co. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

This Court's original jurisdiction over this action derived from the ERISA-preempted claims. As noted above, all defendants aside from MetroCare have been voluntarily dismissed, and this Court has also recommended dismissal of all claims preempted by ERISA (negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment). Thus the only remaining claim is for negligence, and the parties are not diverse, so it is a claim over which this Court does not have original jurisdiction. While it is not mandatory to remand a case once all claims over which the court had original jurisdiction are dismissed, it is within the sound discretion of the Court to do so, considering the "common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros.*, 554 F.3d at 603. Courts generally look to the presence of complex or novel issues of state law and the length of time and judicial resources expended in federal court in determining whether these factors are met. *See id.* at 602–03.

The first factor is neutral, as the case as it is now framed is a simple slip and fall case, and does not raise any complex or novel issues of state law. The second factor, however, weighs heavily

9

in favor of remand. This case was in state court for nearly ten years proceeding solely on the negligence claim. It was only removed following the filing of the second lawsuit which added claims that were preempted by ERISA. The only actions taken by the federal court have been related to those new, now dismissed, claims; this Court has taken no action on any items related to Cluck's negligence claim. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992) ("[A]lthough the magistrate judge had been active in overseeing discovery and other related matters, there is no indication that the district judge had substantial familiarity with the merits of the case . . . ."). Moreover, this case has been in federal court for a small fraction of the time that it was pending in state court, and all discovery and motion practice related to the negligence claim occurred in the state court, prior to removal. Finally, as mentioned previously, there is a significant question as to whether the negligence claim should ever have been removed to federal court as the first lawsuit never included any claims creating federal jurisdiction. This case should therefore be remanded to state court.

## IV. RECOMMENDATIONS

Accordingly, the Court **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** MetroCare's Motion for Summary Judgment (Dkt. No. 80). In particular, the Court **RECOMMENDS** that the District Court **GRANT** summary judgment on Cluck's claims for negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment. The Court **FURTHER RECOMMENDS** that the District Court **REMAND** the remainder of the case to the 200th District Court of Travis County, Texas. Finally, in light of the above-discussion the Court **RECOMMENDS** that the District Court **DENY AS MOOT** all remaining motions. (Dkt. Nos. 65, 87, & 92) and close this case, as well as A-17-CV-33.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE