IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| ALICIA CLUCK, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | 1:16-cv-1216-RP |
| METROCARE SERVICES-AUSTIN, LP, et al., | § | |
| Defendants. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Andrew W. Austin, (Dkt. 102), which recommends granting Defendant MetroCare Services-Austin, LP's ("MetroCare") Motion for Summary Judgment, (Dkt. 80).

This case was referred to United States Magistrate Judge Austin for a report and recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

In his report and recommendation, Magistrate Judge Austin recommended that MetroCare's motion be granted. (R. & R., Dkt. 102, at 10). MetroCare timely filed objections pertaining only to part of the report and recommendation. (Obj., Dkt. 103). Having considered the parties' submissions, the record, and the applicable law, the Court will adopt the report and recommendation.

### I. LEGAL STANDARD

Under federal statute and the Federal Rules of Civil Procedure, magistrate judges may make findings and recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P.

72(b)(1). Motions for summary judgment are dispositive motions under the Federal Magistrates Act. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1)(A)). For dispositive motions, parties are entitled to *de novo* review of any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II. DISCUSSION

Plaintiff Alicia Cluck ("Cluck") asserts causes of action against MetroCare for negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment. (R. & R., Dkt. 102, at 4). MetroCare moved for summary judgment on these claims on the grounds that they are preempted by federal statute. (*Id.*). Finding that those claims are preempted, (*id.* at 7), the magistrate judge recommended that the Court grant summary judgment in MetroCare's favor and dismiss those claims, (*id.* at 8). Only MetroCare filed objections to the report and recommendation, (Dkt. 103), and MetroCare did not object to the portion of the report and recommendation pertaining to those claims, (*id.*). There being no objections to that portion of the magistrate's report and recommendation, the Court reviews that portion of the report and recommendation for clear error. Finding none, the Court accepts that portion magistrate judge's report and recommendation and grants summary judgment against Cluck on her causes of action for negligent misrepresentation, breach of contract, civil conspiracy, and fraudulent concealment.

All that remains, then, is Cluck's state-law negligence claim against non-diverse parties. (R. & R., Dkt. 102, at 8–9). The magistrate judge recommended remanding this claim to state court, (*id.* at

8–10), and MetroCare timely objected, (Dkt. 103). The Court must therefore review this portion of the report and recommendation *de novo*.

Because the Court lacks original jurisdiction over the remaining negligence claim, the question before the Court is whether to decline to exercise its discretionary supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction.").

In assessing whether to exercise its discretion to decline supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, a district court should be "guided by the statutory factors set forth in section 1367(c)[1] as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009) (citation omitted). No single factor is necessarily dispositive. *Id.* "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Id.*

The Fifth Circuit has held that a district court abuses its discretion when it declines to exercise supplemental jurisdiction over remaining state law claims and remanding an action "after investing a significant amount of judicial resources." *Id.* (collecting cases). In *Brookshire Brothers*, for example, a district court remanded a suit after the parties had litigated the action before the court for "more than three years, generating more than 1,300 entries" in the court docket. *Id.* at 598. In that time, the district court had "decided forty-one dispositive motions, fourteen *Daubert* motions, and seven other motions in limine. Discovery had closed and the parties were making final preparations

---

[1] Section 1367 authorizes a court to decline supplemental jurisdiction over a state law claim if: "(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

for trial." *Id.*[2] The Fifth Circuit has similarly emphasized the importance of resource expenditure in other cases. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (holding that the district court abused its discretion in declining to exercise supplemental jurisdiction when the case had "produced more than sixteen volumes of record over the course of three years, numerous depositions and discovery disputes, and significant consideration by the district court of multiple motions to dismiss claims or grant summary judgment"); *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 308 (5th Cir.1991) (holding that the district court abused its discretion in remanding state law claims "after four years of litigation produced 23 volumes and thousands of pages of record, the preparation of a pretrial order exceeding 200 pages, over a hundred depositions, and according to counsel nearly two hundred thousand pages of discovery production," and involved the district court "declining to hear th[e] case on the eve of trial").

Meanwhile, the Fifth Circuit has held that a district court is within its discretion to remand a case despite moderate resource investment when the dismissal of some claims effectively "re-started" a case and trial was not imminent. *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438, 443 (5th Cir. 2010). In *Knatt*, the Fifth Circuit held that the trial court did not abuse its discretion even though "the parties have produced over 7,000 pages of discovery and deposed twenty-nine witnesses." *Id.* The magistrate judge had been involved in overseeing discovery and there was "no indication that the district judge ha[d] substantial familiarity with the merits of the case." *Id.* The parties "ha[d] not yet filed motions *in limine,* the district court ha[d] not ruled on the admissibility of any significant amount of evidence, the parties ha[d] yet to brief the remaining state law issues on the merits, and no trial date ha[d] been set." *Id.*

---

[2] Although the Fifth Circuit also found that the remaining state-law issues were not "particularly novel or complex" and that there was a "significant risk" that the plaintiff would relitigate a number of issues in state court, *Brookshire Bros.*, 554 F.3d at 603, these factors were not outcome-determinative; the considerable expenditure of the district court's resources was dispositive on its own. *Id.* ("[E]ven if this case involved novel or complex state law issues, the significant amount of judicial resources invested by the district court would lead us to find that the district court abused its discretion in remanding this case.").

Finally, a district court abuses its discretion by retaining jurisdiction when there has been relatively little resource investment and trying the remaining issues in state court would not be unduly burdensome. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587–90 (5th Cir.1992) (holding that the district court abused its discretion in retaining jurisdiction when the case had been pending for only nine months, discovery had not been completed, the district judge had conducted only one hearing, and the forum change would not unduly burden or prejudice the parties).

Considering all of the factors and the relevant case law, the Court is persuaded that it should follow the general rule to remand the remaining state law claim in this case. As the magistrate judge observes, this case spent ten years in state court solely on the now-remaining negligence claim. (R. & R., Dkt. 102, at 10). Although the Court has had this case for sixteen months, the only issues litigated before the Court have been related to the now-dismissed preempted claims. (*Id.*). All of the discovery and motion practice related to the remaining negligence claim occurred in state court prior to removal. (*Id.*). Although discovery has closed, there is no trial setting. (*See* Scheduling Order, Dkt. 27). The Court does not find MetroCare's objections sufficiently compelling to depart from the general rule favoring remand. There is no indication that discovery relating to the negligence claim will not be usable in the state court proceeding, nor is there any indication that MetroCare would face a longer delay in obtaining a state-court trial setting than in obtaining a trial setting before this Court. To the extent that Cluck might relitigate some of the issues that arose before this Court, that concern is not sufficiently compelling to persuade the Court to depart from the general rule in light of the considerably longer state-court record in this case. MetroCare believes that this case "has dragged on long enough." (Obj., Dkt. 103, at 7). Maybe so, but if it has, it has principally done so in state court, which is now the proper forum for this case.

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 102), is **ACCEPTED**. MetroCare's Motion for Summary Judgment, (Dkt. 80), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 200th District Court of Travis County, Texas.

**IT IS FURTHER ORDERED** that all other pending motions, (Dkts. 65, 87, and 92), are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that this case and its consolidated member case, 1-17-CV-33, are **CLOSED**.

**SIGNED** on March 9, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE