# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ALICIA CLUCK | § | |
| | § | |
| v. | § | A-16-CV-1216-RP |
| | § | |
| METROCARE SVCS–AUSTIN, L.P. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant MetroCare Services-Austin, LP's Motion for Attorneys' Fees (Dkt. No. 109); the Response (Dkt. No. 110) and the Reply (Dkt. No. 111). The District Court referred the above motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Court Rules.

The general background of this case is set out in several prior orders or reports filed by the undersigned, and the Court will not repeat that material here. *See, e.g.* Dkt. No. 72 (order on motion to compel production of insurance policy); and Dkt. No. 102 (order and report and recommendation on ERISA preemption and remand). In brief, as a result of several legally questionable claims filed by Plaintiff's counsel in state court, adding a host of insurance companies—solely to obtain one or more policies of insurance that the companies had already diligently searched for—a simple negligence case that had been pending in state court for 10 years was turned into an ERISA case, resulting in its removal to this Court. When the dust settled, the Court concluded there was nothing to compel the insurance companies to produce. As it stated, "[t]his case has gone from a simple negligence action to a convoluted dispute due mainly to Cluck's insistence that these parties produce

insurance policies which, by all accounts, they either have already produced, or, to the extent they have not, appear not to exist." Dkt. No. 72 at 3. With this finding, Cluck changed course and dropped her suit against all of the parties except MetroCare. She nevertheless continued with her "add on" fraud claims against MetroCare, leading MetroCare to move for summary judgment on those claims, arguing that they were preempted under ERISA. In response, Cluck did not defend the preemption issue nor did she concede it. The Court therefore was required to address the ERISA preemption question. Based on that analysis, the undersigned recommended that all but the original simple negligence claim be dismissed as preempted, and the original claim be remanded to state court. Judge Pitman adopted that recommendation on March 9, 2018, and remanded the case to state court. On March 23, 2018, MetroCare filed its bill of costs, and also filed the present motion, seeking to recover its attorney's fees.[1]

## II. LEGAL STANDARD

ERISA provides that "in any action under this subchapter . . .by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). An award under this statute is not limited to the prevailing party, and a court may award fees under the statute if a party has achieved "some degree of success on the merits." *1 Lincoln Fin. Co. v. Metro. Life Ins. Co.*, 428 Fed. Appx. 394, 395 (5th Cir. 2011).

---

[1] In its briefing, MetroCare addresses why it believes the Court has jurisdiction to consider an award of fees, given that the Court remanded the case in March 2018. In her response, Cluck does not contest the Court's power to consider the issue. And it is clear that the attorney's fees motion is timely, and is within the Court's power to consider. Rule 54 states that a motion to recover attorneys fees must be filed no later than 14 days after the entry of judgment. FED. R. CIV. P. 54(d)(2)(B)(i). This Court's local rules provide for the issue to be handled after judgment as well. Local Rule CV-7(j). MetroCare's motion was filed on March 23, 2018, within 14 days of the order of remand, which was filed on March 9, 2018, and is therefore within the Court's continuing jurisdiction.

(citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, (2010)). As the circuit explained in *Gibbs v. Gibbs*, 210 F.3d 491, 503 (5th Cir. 2000), and as the statute itself states, either party in an ERISA action may recover their reasonable attorneys' fees and costs.

The circuit in *1 Lincoln* explained that "[o]nce a district court determines that a party is eligible for a fee award under § 1132(g)(1), a district court may consider whether fees are appropriate under the factors outlined in *Iron Workers Local No. 272 v. Bowen*. *1 Lincoln*, 428 Fed. Appx. at 395; *see also Hardt*, 560 U.S. at 255 n.8. In *Bowen*, the district court had denied a request for attorney's fees in a dispute filed by a union regarding the management of a pension plan. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980). After reversing the denial of a fee award, the circuit suggested that on remand, the district court consider five factors in deciding whether to award fees:

(1)  the degree of the opposing parties' culpability or bad faith;

(2)  the ability of the opposing parties to satisfy an award of attorneys' fees;

(3)  whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4)  whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5)  the relative merits of the parties' positions.

*Id.* at 1255 (citing *Eaves v. Penn*, 587 F.2d 453, 465 (10th Cir. 1978); and *Baeten v. Van Ess*, 474 F.Supp. 1324 (E.D. Wis. 1979)).

### III. ANALYSIS

Cluck does little to address the merits of the issue presented by MetroCare's motion. Instead, her response repeats the same garbled legal theories, and same doubtful factual allegations she has

3

been making since the day the case landed on this Court's docket. That is, she continues to claim that none of the costs MetroCare incurred in the case's 17-month detour into this Court are her fault, but rather were the fault of the insurance companies for not turning over policies, and of MetroCare for not producing the insurance policies itself. The Court will not reexamine these arguments any further than to note what it has already found: (1) the insurance companies did everything they could have to find or reconstruct policies that were more than 10 years old, and (2) "MetroCare ha[d] properly responded as well, indicating that it ha[d] done everything it [could] to locate any of these policies, and, having been out of business since 2008, it was unable to find anything more than what it already produced in state court many years ago." Dkt. No. 72 at 3. Nothing in Cluck's response is new, nor does it change the Court's findings on these issues. As for the law, Cluck's response is completely silent, and fails to cite the relevant statute or discuss the application of the *Bowen* factors.

MetroCare's motion and reply, on the other hand, demonstrates that there is a good argument for awarding it the attorney's fees it incurred in having to defend this case. Factually, it is important to remember that MetroCare is not the party that initially removed the case to this Court, but instead the removal was initiated by the insurance companies Cluck added to the case in state court. Though Cluck tries to claim that it was MetroCare's failure to produce one or more insurance policies that necessitated her adding those insurance companies, that claim is baseless. First, the Court has already found that, despite being given the chance to demonstrate otherwise, Cluck failed to prove that MetroCare ever withheld any insurance policies from her. And even if this were not the case, that did not justify Cluck bringing suit against all of the parties Cluck sued, resulting in the removal of the case. As Cluck's attorneys know well, one need not sue a third party to obtain discovery from it. She can issue process—subpoenas—requiring a third party to produce both witnesses and

documents relevant to a pending civil case. *See, e.g.,* TEX. R. CIV. P. 176. And worse, the record reflects that before removal Cluck had already filed and lost a motion to compel on these very same issues, and that, when she added the insurance companies to the state court suit, the state district judge struck the amendment and disallowed it. Undeterred, Cluck filed a separate suit adding the preempted claims, resulting in the removal of that case, and tried once again to add those claims to the original state negligence suit, resulting in *its* removal and consolidation with the first removed case. To call the whole process tortured does not do it justice. And 100% of the blame for the case becoming so complicated and for ERISA being implicated, which is what caused it to end up on this Court's docket for 17 months, falls on Cluck and her attorneys.

The Court thus concludes that an award of fees is appropriate here. First, MetroCare prevailed on all of its arguments in this Court. Its position from the start was that the case should have remained in state court, as a simple negligence suit. When all was said and done, that is precisely where the case was. And on the ERISA issues, MetroCare's motion for summary judgment was granted in full. There is thus no question that MetroCare achieved more than "some degree of success" in the case. Application of the five *Bowen* factors confirms that fees are appropriate. The first, third and fifth factors effectively merge in this case. As discussed above, Cluck's culpability or bad faith was significant—the suit's federal court detour was avoidable, was caused by Cluck's filings, and should never have happened. MetroCare's positions were meritorious, while Cluck's were baseless. And awarding fees against Cluck or her counsel would deter other persons acting under similar circumstances from making the choices Cluck made. As for the second factor (the ability of the opposing parties to satisfy an award of attorneys' fees), there is no evidence before the Court on this issue. Notably, however, in her own pleadings, Cluck states that "GHS and MetroCare

5

Services offered the full $300,000 [limits of the GHS policy] to settle Plaintiff's claims before this case was removed to this Court." Dkt. No. 34 at 3. It would appear, therefore, that if Cluck has not recovered well more than the fees MetroCare is seeking here, that was by her own choice. In sum, an award of fees to MetroCare is warranted.[2]

MetroCare submitted with its motion the affidavit of its attorney detailing that, adjusting his billed time to exclude any work on the negligence claims, and focusing only the ERISA/federal court work, MetroCare incurred attorney's fees totaling $58,631.00. Dkt. No. 109-1. He further demonstrates that MetroCare's expenses and costs on these claims were $2,379.36. MetroCare's counsel billed at the exceedingly reasonable rate of $200/hour for legal work, and $100/hour for travel time. Cluck's response does not comment in any way on this evidence, nor does it take any position regarding the reasonableness (or lack thereof) of MetroCare's fee request. Having reviewed the affidavit of counsel, and noting that there is no controverting evidence offered by Cluck, the Court concludes that the amount sought for fees and expenses is reasonable.

The final question is against whom the award should be made. As is apparent from the discussion above, the failures that led to the case coming to federal court were primarily failures of law. That is, it was the addition of all of the third parties, and the spurious legal claims raised against them, that were responsible for the case being removed and delayed for a year-and-a-half. It would not be fair to hold those decisions against the Plaintiff herself solely, as she no doubt relied on her counsel to make those decisions. On the other hand, one of her attorneys was her husband, so it is reasonable to hold her at least partly accountable for these decisions. As for the attorneys, there were

---

[2]The fourth *Bowen* factor is not applicable here, as there was not any significant legal issue raised by Cluck's suit. The preemption law was already clear, and the Court's determination that ERISA preempted Cluck's claims was based on a straightforward application of settled law.

four separate attorneys from four different law firms who represented Cluck in this case: Leonard Thomas Bradt (designated as lead counsel); Tracy Cluck (plaintiff's husband), Zachary Hudler, and Betsy Grubbs. Considering the issues just mentioned, the Court believes the most reasonable allocation of the fees in this case is that they be awarded against the Plaintiff and each of her four attorneys, jointly and severally.

## IV. RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that the district judge **GRANT** MetroCare Services-Austin, LP's Motion for Attorneys' Fees (Dkt. No. 109), and order that Plaintiff and each of her attorneys set forth above, jointly and severally, pay to MetroCare Services-Austin, LP, $61,010.36 in attorney's fees and expenses, and enter judgment accordingly.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE